1  Troutman Sanders LLP
   Ryan C. Tuley (Cal. Bar No. 198249)
2    ryan.tuley@troutmansanders.com
   5 Park Plaza, Suite 1400
3  Irvine, CA 92614-2545
   Telephone:  (949) 622-2700
4  Facsimile:  (949) 622-2739

5  Troutman Sanders LLP
   Eileen King Bower, *Pro Hac Vice*
6    eileen.bower@troutmansanders.com
   Brian P. Cummings, *Pro Hac Vice*
7    brian.cummins@troutmansanders.com
   55 West Monroe, Suite 3000
8  Chicago, IL 60603
   Telephone:  (312) 759-1920
9  Facsimile:  (312) 759-1939

10 *Attorneys for Defendant Continental Casualty Company*



IT IS SO ORDERED AS MODIFIED
*James Ware*
Judge James Ware

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS DILLON, as Court-Appointed Receiver for Vesta Strategies, LLC and Excalibur 1031 Group, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY, an Illinois corporation,<br><br>Defendant. | Case No. C 10-05238 JW<br><br>**JOINT STIPULATION REQUESTING ENTRY OF AMENDED SCHEDULING ORDER, OR, IN THE ALTERNATIVE, TO SHORTEN TIME FOR HEARING ON CONTINENTAL'S MOTION FOR PROTECTIVE ORDER OR, ALTERNATIVELY, SANCTIONS AND [PROPOSED] ORDER** |

The parties to the above-entitled case, Plaintiff Thomas Dillon ("Dillon") and Continental Casualty Company ("Continental") certify that they met and conferred and jointly request that the Court enter an Amended Scheduling Order consistent with the terms of this Joint Stipulation, or, in the alternative, that the Court advance the hearing on Continental's concurrently filed Motion for Protective Order or, Alternatively, Sanctions ("Continental's Motion").

## RECITALS

A.  On July 14, 2011, the Court entered an Order Denying Defendant's Motion to Dismiss. In that Order, the Court identified one of the central issues in the case as follows: "whether the doctrine of adverse domination is applicable in this case such that the discovery period in the Policies was equitably tolled until the appointment of Plaintiff as receiver." *See* 7/14/11 Order, 10.

B.  On September 20, 2011, Continental propounded its *First Set of Interrogatories to Thomas Dillon* and *First Set of Requests for Production to Thomas Dillon*.

C.  On October 11, 2011, the Court entered a Scheduling Order, setting the close of all discovery to occur on May 7, 2012.

D.  On February 27, 2012, Plaintiff provided its *Second Supplemental Response to Continental Casualty Company's First Set of Interrogatories to Thomas Dillon* and *Supplemental Response to Continental Casualty Company's First Set of Requests for Production to Thomas Dillon*.

E.  Concurrently with the filing of this Joint Stipulation, Continental is filing Continental's Motion. For the reasons set forth in Continental's Motion, Continental submits that it cannot adequately complete discovery within the current case schedule and that this is a result of actions taken by Dillon in this matter. Dillon disputes Continental's contentions and will oppose the Motion.

F.  Despite the parties' disagreement regarding the Motion, based on the discovery that has taken place to date, the parties agree that resolving the issue of adverse domination may be a pathway to bringing this case to resolution in the most efficient manner possible. In that regard, the parties agree that it is appropriate at this time to phase this matter to allow the parties

to complete discovery on the adverse domination issue, file motions for summary judgment/adjudication related to the adverse domination issue, and, should the matter not be resolved by motions for summary judgment/adjudication related to the adverse domination issue, proceed to a second phase of discovery as to the remaining issues in the case, including for the Plaintiff to take the depositions of Continental witnesses they have requested (Lori Davern and Kevin Donohue).

G. Should the Court phase this matter as outlined above, the parties agree that the Motion will be withdrawn.

H. In the event that the Court does not phase this matter as outlined above, it is Continental's position that Continental's Motion hearing date should be advanced because the discovery issues addressed by Continental's Motion must be resolved well in advance of the current May 7, 2012 discovery cut-off. As noticed, however, Continental's Motion is set to be heard on April 9, 2012 – less than a month before the current discovery cut-off. While Dillon disputes that Continental is entitled to the relief sought in Continental's Motion, Dillon does not oppose the advancement of the hearing on Continental's Motion. Likewise, the advancement of the hearing date does not otherwise affect the schedule for the case.

## STIPULATION

Based on the foregoing recitals, which are incorporated herein by reference, Plaintiff Thomas Dillon ("Dillon") and Defendant Continental Casualty Company ("Continental"), through their respective counsel of record, hereby stipulate that:

1. It is appropriate for the Court, in the interest of resolving this matter in the most efficient manner possible, to enter an Amended Scheduling Order that provides:

- The parties will engage in discovery limited to the issue of adverse domination for a period of forty-five (45) days from the date of the entry of the Amended Scheduling Order (the "Adverse Domination Discovery Period").

- Either Party may file a dispositive motion on the adverse domination issue at any time up to forty-five (45) days after the close of the Adverse Domination Discovery Period (the "Dispositive Motion Due Date").

- 2 -

STIPULATION AND [PROPOSED] ORDER CONTINUING CASE MANAGEMENT CONFERENCE -- C10-05238 JW

1134894v1

- Oppositions to a dispositive motion on the adverse domination issue shall be filed twenty-one (21) days after the Dispositive Motion Due Date (the "Opposition Due Date").
- The Parties will then have fourteen (14) days from the Opposition Due Date to file their reply briefs related to any such dispositive motions.
- If the case remains pending after the Court has entered a ruling on the adverse domination motion(s), the parties shall meet and confer and provide the court with a proposed scheduling order for the remainder of the case within fourteen (14) days of the Court's ruling on the adverse domination motion(s).

2. If the Court adopts the proposed Amended Scheduling Order set forth above, Continental's Motion for Protective Order or, Alternatively, Sanctions will be withdrawn.

3. If the Court declines to adopt the proposed Amended Scheduling Order set forth above, the Parties hereby stipulate to have Continental's Motion heard on March 26, 2012 at 9:00 a.m., and to the following briefing schedule on that motion:
   - Dillon's Opposition to Continental's Motion is to be filed on or before March 14, 2012.
   - Continental's reply in support of Continental's Motion is to be filed on or before March 20, 2012.

Dated: March 5, 2012                    HOLLISTER & BRACE

                                        By: /s/ R. Brace
                                        Robert L. Brace
                                        Peter L. Candy

                                        *Attorneys for Plaintiff*
                                        *Thomas Dillon*

Dated: March 5, 2012                    TROUTMAN SANDERS, LLP

                                        By: /s/ Ryan C. Tuley
                                        Ryan C. Tuley, SBN 198249
                                        Eileen King Bower, *Pro Hac Vice*
                                        Brian P. Cummings, *Pro Hac Vice*

                                        Attorneys for Defendant
                                        Continental Casualty Company

## [~~PROPOSED~~] ORDER

Having considered the above Stipulation of Plaintiff Thomas Dillon ("Dillon") and Defendant Continental Casualty Company ("Continental"), which is incorporated herein by reference, the Court hereby ORDERS that:

1. The deadlines set forth in the Court's October 11, 2011 Scheduling Order are vacated.
2. The discovery and resolution of this matter will be phased as follows:

   - The parties will engage in discovery limited to the issue of adverse domination for a period of forty-five (45) days from the date of the entry of this Order (the "Adverse Domination Discovery Period").

   - Either Party may file a dispositive motion on the adverse domination issue at any time up to forty-five (45) days after the close of the Adverse Domination Discovery Period (the "Dispositive Motion Due Date").

   - Oppositions to a dispositive motion on the adverse domination issue shall be filed twenty-one (21) days after the Dispositive Motion Due Date (the "Opposition Due Date").

   - The Parties will then have fourteen (14) days from the Opposition Due Date to file their reply briefs related to any such dispositive motions.

   - If the case remains pending after the Court has entered a ruling on the adverse domination motion(s), the parties shall meet and confer and provide the court with a proposed scheduling order for the remainder of the case within fourteen (14) days of the Court's ruling on the adverse domination motion(s).

   - Continental's Motion for Protective Order or, Alternatively, Sanctions shall be withdrawn.

~~Dated:~~ _____

_____
~~James Ware~~, United States District Court ~~Judge~~

[ALTERNATIVELY -- Having considered the above Stipulation of Plaintiff Thomas Dillon ("Dillon") and Defendant Continental Casualty Company ("Continental"), which is incorporated herein by reference, the Court hereby ORDERS that:

1. The Hearing on Continental's Motion for Protective Order or, Alternatively, Sanctions shall be ~~advanced~~ on from April 9, 2012 ~~to March 26, 2012~~ at 9:00 a.m.
2. Dillon's Opposition to Continental's Motion for Protective Order or, Alternatively, Sanctions shall be filed on or before March 14, 2012.
3. Continental's reply in support of its Motion for Protective Order or, Alternatively Sanctions shall be filed on or before March 20, 2012.]

Dated: March 6, 2012

*James Ware*
James Ware, United States District Court Judge

STIPULATION AND [~~PROPOSED~~] ORDER
CONTINUING CASE MANAGEMENT
CONFERENCE -- C10-05238 JW

- 6 -

1134894v1